Next matter, number 25-1638, United States v. Roberto Ortiz-Rodriguez. At this time, would counsel for the appellant please introduce herself on the record to  Good morning. May I please the court? AFP de Laura Soto Santiago on behalf of Mr. Roberto Ortiz-Rodriguez. May I please reserve two minutes for rebuttal? You may. This case presents a narrow Rule 32.1 notice issue. The revocation petitions allege two violations, drug use and failure to comply with treatment. On that understanding, Mr. Ortiz-Rodriguez waived a contested hearing. Both parties recommended five months of incarceration plus three months in a residential reentry facility. The government even expressly stated that they were seeking no further supervision. Only after those admissions and discussions were made, at the pronouncement of sentencing, the district court transformed the case. The court ruled sua sponte that the violations constituted new criminal conduct. This elevated his advisory range and ultimately resulted in a 14-month guideline maximum sentence. That reclassification occurred after waiver, after mitigation, and without written notice. That lack of notice is the due process violation before the court today. We're asking the court to, we're asking that the judgment be vacated. I would like to start with the issue of notice. Rule 32.1b2a requires written notice of the alleged violation. A violation is the breach of a specific supervisory condition and the advisory committee has explained that due process requires, first, the notice of the specific condition that has been breached and second, the events and dates that support that charge. Here, the petition identified only illegal and unlawful drug use and failure to comply with treatment. The petition was defined as a drug relapse. Nothing in the petition identified either new criminal conduct, Mr. Ortiz had never been charged in the local court with drug possession or new criminal conduct, and nothing in the motion indicated that his relapse was going to be treated as new criminal conduct. That definition is important because the defendant must decide whether to contest based on the violation that had been identified, either on the motion or in the notice that had been received. Under the totality of the circumstances in this case... Isn't the supervisor here Mr. Ortiz, he admitted that he possessed controlled substances, correct? He admitted drug use, Your Honor, because that was the only violation that was in front of him. But by admitting he's used drugs, he's got to have possession. That is not, respectfully, Your Honor, that is not the position of this case. This is not what we're presenting the court with. Even if the court may make that assumption, we are saying that he needed to have notice of that violation, which he didn't have here. This is not a case of evidentiary sufficiency. Mr. Ortiz waits his right to contest the hearing only as to the technical violations that were in front of him. Just so I understand it, is the idea that had he known the possession violation was going to be alleged, if the only evidence of it was the use, he would have contested his use? If we would have been unnoticed that the possession charge or the new criminal conduct was in place, Mr. Ortiz could have contested the violation. How? We could have tailored or at least briefed the classification. We could have challenged the classification of the violation, or we could have at least... Based on what? That's what I'm trying to figure out. I understand that there could be a violation here of the way the procedure should have happened. I'm trying to figure out what the prejudice is in this circumstance. The prejudice is the inflated guile inside of him. That's the question of whether there was a bad consequence. That's why you're appealing. But what would have changed in the world if you had been given notice that the possession violation rather than the use violation was going to be charged at the time he admitted to the use? Yes, Your Honor. Because the guidance distinguished drug use and possession, we would have been in a better position to present a different legal theory or challenge that... You can present that legal theory now to us. In other words, we have only what we've got on the record, which is an admission of use. Correct? Of use, yes. Okay. Are you saying admission of use can never support a violation based on possession? No, Your Honor. That's not what he was... Okay. So I'm trying to figure out... Let's say you're right. He didn't get notice that they were going to charge him with possession. He only got notice about use and he admitted to use. One possible thing is if I'd known how serious the violation was going to be that was possession, I would have contested whether I even used it. Yes. You're not saying that. There's nothing in your papers indicating that he is disputing the use or that he would have had evidence to indicate he didn't use it. No, Your Honor. Because everything was under the context of a drug relapse. So at the time that we reviewed the documents and that Mr. Ortiz understood what was in front of him, we were just facing technical violations. But now that you're making this point, you're not representing to us that, oh, the outcome of the possession thing would have been different because I would have contested use to begin with. You don't make that argument. It would have been different because we would have contested the allegations because at this time the record is not sufficiently developed for the court to make the finding that drug possession... The burden is on you to make the argument that the outcome of the possession would have been different if the procedural violation had not occurred. The procedural violation was not giving you notice of the possession charge. Then we ask, okay, had you been given notice, what would have changed that would have affected the outcome of the finding of a violation on the possession charge? What would have changed? Mr. Ortiz would have been able to make an only involuntary decision to either waive or contest the hearing, and that did not happen here because he did not have notice of possession. What would have happened at the hearing? We would have contested. We would have maybe challenged the evidence. We don't know which substances were. We don't know if all the substances actually constituted actual controlled substances or if they were just intoxicants that were not in violation of Procedural Control Substances Act. You had no reason to go into all of that when it was just a use, but now that it's possession, that's all what matters and that's what you were deprived the opportunity to... That is correct, Your Honor. Okay. The standard of review here is plenary, correct? Yes. No, Your Honor. We believe it is deniable because the error only occurred at the pronouncement of sentencing and before that, we had no notice that the court was even considering the possession charge. If I might go a bit further, when we do the totality of the circumstances in this case first, the motions only stated drug use and failure to comply with treatment. Isn't there ample case law from this court that says that a positive drug test is evidence of possession because you just don't test positive if you don't possess? I do not know that there's an ample case law. The cases that were cited in the brief of the government and anticipated in our brief are not on the base of notice. They assume that notice was given and that was not the case with Mr. Rodriguez. If I may continue, in the totality of the circumstances, even the court, after the first motion that was asking to allow... May I continue, Your Honor? Even in the motion that the probation file asking for Mr. Rodriguez to go out on freedom, the court treated this as drug use and drug positive, citing G4, which is what asked for mandatory revocation on drug positives. Further, the court could have anticipated to the parties that it was going to treat this violation as a new criminal conduct, and it didn't. The government did not pursue new criminal conduct and they never anticipated that. So all the notice that Mr. Ortiz-Rodriguez had at that moment of making the waiver was that drug use was going to be adjudicated at that time. Thank you. Thank you, counsel. At this time, would counsel for the government please introduce herself on the record to begin? Good morning again, Your Honors. May it please the court, Mara Luchter for the government. The court should affirm Mr. Ortiz's revocation sentence because he forwarded the claims he is now raising on appeal, and he has failed to establish error, let alone plain error, based on his notice to process and waiver claims. Now, at the outset, I would like to address the standard of review here. The government's position is that the standard of review here is plain error because Mr. Ortiz did not raise any of the issues he is now raising on appeal before. When could he have raised them? He raised his notice to process and waiver claims in his opening brief. So when could have he raised them? He could have raised them when he raised his other objections before the district court, pages 53 and 54 of the appendix. But at the time of those other objections, possession wasn't on the table, was it? Well, the discourse... Why would he object to you saying I'm going to do the violation for possession when no one was saying they were going to do that? He did have an opportunity to object. I see your Honor's questions going to the opportunity part. He had an opportunity to object. He heard the district court's ruling, and the district court then, after the ruling, asked on page 53 of the record anything else from Mr. Ortiz's counsel. At that point, he said no. And the counsel provided objections, provided objections on the substantive reasonableness count, and as well as specifically challenging the grade B violation finding, albeit on different grounds. She provided developed argumentation on the grade B violation, noting that... This is after the violation for possession had been found. Correct, Your Honor. So he did have an opportunity to object. He, indeed, objected, albeit on different grounds. And the court, again, asked anything else from either party on page 54 of the record, and neither party added anything else. So there was more than sufficient opportunity to object here, but Mr. Ortiz did not object on the grounds that he's now raising an appeal. So this is a clear case of forfeiture, and the plain error review applies here. And on the plain error review, the simplest and most straightforward path to a four-month is on the second prong of plain error. Mr. Ortiz has failed to establish that there is clear or obvious error here. He has failed to cite to any case law finding error based on these circumstances. I'm just puzzled. What would be permissible about imposing a supervisor's lease based on a violation that you weren't given notice of? Why would that ever be something you could do? The government's position is that Mr. Ortiz did receive notice of the violation. When did he get the notice? He received the notice via the probation officer's motion. The motion was use-based, not possession-based, right? The motion was use-based, a use and not following the protocols for the drug treatment where the two violations provided. But Rule 32.1 does not require the probation officer to list every single possible violation based on the conduct that's within the four corners of the probation officer's motion. Here, the probation officer provided notice for two violation allegations and provided the conduct, which is what Rule 32.1 requires. Now Mr. Ortiz takes issue with the guideline calculation and the district court's interpretation of his actual conduct and what that entails. And this is what Rule 7B.1.1 calls for under Application Note 1. It calls for looking at the actual conduct of a defendant in order to determine the grade of the violation. And this is what the district court did here. The district court determined, based on actual conduct, that Mr. Ortiz, by unlawfully using controlled substances, was possessing controlled substances. And that was a logical inference. As the Seventh Circuit in Trotter noted, inferring possession of drug from a use of that drug is as logical as inferring from a person's statement that they ate a hamburger for lunch, that that person had possessed that hamburger before walking into town. Is it possible that he took the drug not voluntarily, or maybe somebody put it there for him, or somebody, you know, I don't know. That certainly could be a circumstance, Your Honor. These were not arguments that were raised in this specific case. Mr. Ortiz never challenged. So what you're saying is a specific proffer argument would have been made as to the particular argument. Correct, Your Honor. For example, this court addressed a similar argument in Rodriguez in 2019, where the issue is a challenge to an unlawful possession of controlled substances. And the defendant in that case had alleged that somebody had put something in her drink or his drink. The district court, however, made a reasonable inference that the drug positives showed that she had or he had used those drugs unlawfully. And this court upheld that determination. So it's certainly possible this is something Mr. Ortiz could have raised before the district court, but he did not. He admitted to unlawful use of controlled substances. So it was not. Okay, so here he's admitted I've unlawfully used. It's not like, oh, oops, I don't know what happened. Here he's saying, I used them. So in order to use them, he had to have them. That's precisely correct, Your Honor. The government's position is, and that is something that this court's case also supports, that it was a reasonable inference for the district court judge to determine that Mr. Ortiz unlawfully used controlled substances. So his actual content underlying that is unlawful possession of controlled substances. The argument they've made to us, if I understood it, and I just want you to respond to it, is given this differential sentence or the term of supervised release under the range that is implicated if it's a possession versus a use charge, his incentives to challenge the evidentiary basis for the conduct are different, depending on what the government says you're on the hook for, right? So if you gave him notice of a very serious violation based on conduct, his incentives to challenge that evidence are different than if you say, here's the conduct, but we're only going after you for a very minimal violation where it won't affect your sentence very much. And they say, as a consequence, they were deprived of a chance to, now knowing the consequence, make a case that, well, I don't know, what was the evidence of use, which is different than an argument that, you know, yes, I used it just as you said, but I didn't possess it. What do you say to that point? Because it just instinctively, it does seem not obviously fair to say to somebody, here's the conduct we're charging you with, here's the penalty for it, very minimal. After you admit to it, then say, okay, given that you did that, you get this very big punishment. I mean, that's just like basic intuitions of fairness. That doesn't sound like the optimal way to run things. So what do you say to that? I hear your honest concerns. I recognize it. I would point that the district court here stayed within the four corners of the probation officer's violation motion. The district court here relied specifically on the four positive drug tests and the unlawful use admission in determining that that underlying conduct was possession of drugs. And that was a logical inference. And furthermore, that it wasn't a surprise to Mr. Ortiz's counsel is reflected by the objection Mr. Ortiz's counsel made to the district court's determination. As page 54 of the appendix shows, Mr. Ortiz's counsel made a developed argumentation against the grade B violation determination and never pushed back on the possession finding itself. Indeed, Mr. Ortiz, based on the objection, admitted to that, basically stating that drug users' possession for personal use should be treated differently than criminal possession. So not only was there a developed argumentation made for the grade B violation determination indicating that Mr. Ortiz was aware of the possibility, but also there was no pushback to the possession determination, again showing that that was not a surprise and that it was seen as a logical inference. And furthermore, this judge had made a similar ruling in another case about six months prior, and the defendant there was also represented by the same counsel. So it further undermines their claim that it was a complete surprise that there was no indication that the court would make this determination. Thank you. Thank you. And I would ask that this court defer. Thank you. Thank you, counsel. At this time, would counsel for the appellant please reintroduce herself on the record? She has a two-minute rebuttal. Good morning again, Your Honor. I am Fidelaura Soto on behalf of Mr. Ortiz Rodriguez. First, I would like to address the issue of Fairfisher. Here, we didn't have a meaningful opportunity to object because the error occurred at the pronouncement of sentence. Did the district court ask? Does anybody have any objections to what I just did? The court said anything else.  And then counsel for your client, I don't know if it was you or someone else, did say some things, yes, here's why I didn't like what you said, but didn't say what you're now saying. But at that time, there was not a meaningful opportunity because the error had already been made and the substantial rights had already been surrendered. But other objections were made at that time. Yes, and those... Why would those have been still meaningful but... My objection and the notice objection are both intertwined and one cannot exist without the other. I'm not understanding. That means you did, but you didn't make a notice objection then, did you? And Rule 51 does not require us to say some magical words to preserve the issue because of the timing of the issue. Help me understand. How was what you're now saying to us implicitly being communicated to the district court at the time of the hearing? Yes, Your Honor. If we go to Cortez Claudio, this court tells us that we have to evaluate this also under the totality of the circumstances in this case. And the objection is not necessarily required to preserve the issue for appeal if we could not reasonably have been able to anticipate that the issue would arise before... Right, but then you couldn't have before he said anything else. Yes, and that's... At that point, you knew the violation that you're complaining of had occurred and you made other objections to what the district court had just done. And that just evinces the surprise state that we had because we did not receive notice and we were not prepared to make other objections that was spurred off the moment objection that we made. Okay, thank you. Okay. Counsel, that concludes arguments.